# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PSB CREDIT SERVICES, INC., as assignee of PrinsBank, assignee of Citibank, N.A., successor in interest to Citibank, F.S.B., | )<br>)<br>) |
| Plaintiff, | ) Case No. 11-cv-7666 <br>) <br>) Judge John Z. Lee |
| v. | ) <br>) Magistrate Judge Arlander Keys |
| MELROZ DENTAL, LLC, an Illinois limited liability company; MELANIE R. WATSON-MONTGOMERY, d/b/a Melrose Dental a/k/a Melanie R. Montgomery; SMALL BUSINESS GROWTH CORPORATION, an Illinois not-for-profit corporation; UNITED STATES SMALL BUSINESS ADMINISTRATION; SOUTH SUBURBAN OFFICE PARK CONDOMINIUM ASSOCIATION, an Illinois not-for-profit corporation; UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, PSB Credit Services, Inc. ("PSB"), has brought the instant suit against several defendants, including Melroz Dental, LLC ("Melroz") and Melanie R. Watson-Montgomery ("Montgomery"). PSB alleges that Melroz and Montgomery breached their obligations to PSB arising out of a promissory note for a construction loan, as well as several other loan agreements and guarantees. PSB now moves for summary judgment against Defendants, none of whom have responded to the motion. Based upon the record before it, the Court grants in part and denies in part PSB's motion.

## Procedural Background

PSB filed this action on October 27, 2011. (Dkt. 1.) After settlement efforts were unsuccessful, on January 18, 2013, PSB filed the instant motion for summary judgment. (Dkt. 47.) However, before the motion was filed, on January 10, 2013, Montgomery had filed for Chapter 13 bankruptcy protection in the United States District Court for the Northern District of Illinois. (Dkt. 51 ¶ 1.) Montgomery and Melroz thus moved to dismiss the action on February 13, 2013, pursuant to the bankruptcy stay. (*Id.*) The Court denied the motion, but stayed the case for sixty days while the parties brought the issue to the attention of the bankruptcy court. (Dkt. 54.)

On April 3, 2013, the bankruptcy court entered an Order Granting Motion for Relief from Stay and Abandonment pursuant to a motion filed by PSB. (Dkt. 56, Ex. 1.) That Order provided that PSB was "granted relief from the automatic stay with respect to the real property commonly known as 3330 W. 177th Street, Suite 1G, Hazel Crest, Illinois 60429 (the 'Real Estate') pursuant to 11 U.S.C. § 362(d)(1) and (2)." (*Id.*) The Order directed Montgomery to amend her bankruptcy schedules to provide that "the Real Estate is not property of the Debtor's bankruptcy estate," and further stated that "[t]he Debtor does not own the real estate." (*Id.*) Based upon the bankruptcy court's order, the Court granted PSB's oral motion to lift the stay in this action and set a briefing schedule for this motion. (Dkt. 55; Dkt. 56, Ex. 1.)

As a preliminary note, the Court notes that the bankruptcy stay was lifted only as to the Real Estate; the stay otherwise remains in effect as to any claims filed by PSB against Montgomery. Accordingly, this order addresses only those claims brought by PSB that relate directly to the Real Property as well as those against Melroz and the Defendants other than Montgomery.

**Factual Background**

The following facts are taken from PSB's Local Rule 56.1(a)(3) statement of undisputed material facts. Defendants have indicated that they will not file a responsive pleading controverting any of the facts set forth therein. (Dkt. 57.) As a result, the Court admits all facts asserted in PSB's Local Rule 56.1(a)(3) statement as true for the purposes of this motion. *See Smith v. Lanz*, 321 F.3d 680, 683 (7th Cir. 2003) ("Local Rule 56.1's enforcement provision provides that when a responding party's statement fails to controvert the facts as set forth in the moving party's statement in the manner dictated by the rule, those facts shall be deemed admitted for purposes of the motion. . . . We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission.") (internal citations omitted).

A.  **The Construction Loan**

PSB is a Minnesota corporation that is the assignee of another corporation known as PrinsBank with respect to the agreements at issue in this action. (Local Rule 56.1(a)(3) Statement ("LR 56.1(a)(3)") ¶ 1.) PrinsBank, in turn, was the assignee of Citibank, N.A., the successor-in-interest to Citibank, F.S.B. ("Citibank"), witih respect to the same agreements. (*Id.*)

Defendant Melroz is a single-member Illinois limited liability company managed by sole member and co-defendant Montgomery, an Illinois citizen. (*Id.* ¶¶ 2, 3.) On April 22, 2005, Melroz executed a promissory note in favor of Citibank to fund a construction loan in the amount of $262,800.00 (the "Loan") (*Id.* ¶ 7.) Under the terms of the Loan, Melroz was to pay Citibank one interest payment on June 1, 2005, and then 239 consecutive monthly payments of interest and principal in the estimated sum of $2,131.58 beginning on July 1, 2005. (*Id.* ¶ 8.) On

December 16, 2011, PrinsBank purchased the Loan from Citibank, which it later transferred to PSB effective March 6, 2012, leaving PSB as the current holder of the Loan. (*Id.* ¶¶ 9, 10.)

As of January 6, 2011, Melroz was in default under the terms of the Loan for failure to pay the monthly payments as well as other obligations due and owing under separate agreements, as outlined below. (*Id.* ¶ 11.) By letter dated May 10, 2011, Citibank declared the entire unpaid principal balance under the loan, along with unpaid interest and other sums, due and owing. (*Id.* ¶ 12.) By letter dated September 22, 2011, Citibank notified the U.S. Small Business Administration (the "SBA") of its intent to file suit against Melroz for default. (*Id.* ¶ 13.) PSB, the current holder of the Loan, has fulfilled its obligations thereto, but Melroz has not. (*Id.* ¶¶ 14, 15.)

As of January 8, 2013, Melroz was indebted to PSB under the Loan for the outstanding principal amount of $225,817.29, accrued and unpaid interest in the amount of $47,050.22, and late charges and fees in the amount of $1,278.96. (*Id.* ¶ 16.) Interest accrues on the debt at a rate of $85.90 per day. (*Id.*)

B. **The Construction Mortgage**

Also on April 22, 2005, Melroz made and executed a Construction Mortgage, Security Agreement and Financing Statement (the "Mortgage") in favor of Citibank, securing all of Melroz's obligations under the Construction Loan. (*Id.* ¶ 63.) The Mortgage was secured by the Real Estate. (Dkt. 48-6, Ex. J.)

Effective December 16, 2012, Citibank executed an Assignment of Security Instruments, assigning its interest under the Mortgage, as well as an Assignment of Rents and other associated security instruments, to PrinsBank. (LR 56.1(a)(3) ¶ 64.) The Assignment was recorded on January 6, 2012 as Document No. 1200634023 with the Recorder of Deeds, Cook County,

Illinois. (*Id.*) PrinsBank, in turn, executed an Assignment of Construction Mortgage, Security Agreement and Financing Statement (the "Assignment") to PSB on March 6, 2012. (*Id.* ¶ 65.) The Assignment was recorded on March 14, 2012 as Document No. 1207429032 with the Recorder of Deeds, Cook County, Illinois. (*Id.*) PSB has elected to declare the whole of the principal sum remaining unpaid, together with interest thereon, immediately due and payable; this election was confirmed by the filing of the instant action. (*Id.* ¶ 66.)

## **Discussion**

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has sufficiently demonstrated the absence of a genuine issue of material fact, the nonmoving party must then set forth specific facts demonstrating that there are disputed material facts that must be decided at trial. *Id.* at 321-22. The Court must take the evidence in the light most favorable to the non-movant and draw all justifiable inferences in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Here, PSB seeks summary judgment as to its breach of contract claims against Defendants Melroz and Montgomery. However, the Court must be cognizant of its limited authority to act in this matter given Montgomery's ongoing Chapter 13 bankruptcy. The April 3 Order lifted the bankruptcy stay only as to the "Real Estate" located at 3330 W. 177th Street, Suite 1G, Hazel Crest, Illinois 60429. Because the Court may not issue an order that would be "inconsistent with the terms of the stay and any orders entered by the bankruptcy court respecting the stay," In re *Benalcazar*, 283 B.R. 514, 529 (quoting *Chao v. Hosp. Staffing Servs.,*

*Inc.*, 270 F.3d 374, 384 (6th Cir. 2001)), the Court is constrained from adjudicating any claims against Montgomery. As a result, the Court only considers whether PSB is entitled to summary judgment with respect to two of the seven agreements raised by PSB in this action – the Loan and the Mortgage.

Before proceeding to the merits, the Court must first determine the applicable law. The Mortgage contains a choice of law provision identifying Illinois as the governing law. (Dkt. 48 at Ex. I.) While the Loan is silent as to choice of law, it specifies that any action to enforce the agreement or arising thereunder must be brought in an Illinois court. (*Id.* at Ex. A.) A federal court sitting in diversity will look to the forum state – here, Illinois – to determine how that state's "conflict of law principles treat choice of law clauses in contracts." *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.,* 811 F.2d 326, 330 (7th Cir. 1987).

Illinois courts will honor a contractual choice of law clause so long as "(1) it does not contravene a fundamental policy of Illinois, and (2) the state chosen bears a reasonable relationship to the parties or the transaction." *LaSalle Bank Nat'l Ass'n v. Paramont Props.*, 588 F. Supp. 2d 840, 849 (N.D. Ill. 2008) (citing *Amakua Dev., L.L.C. v. Warner,* 411 F. Supp. 2d 941, 948 (N.D. Ill. 2006)). Accordingly, because the Mortgage expressly provides for the application of Illinois law, its choice of law provision will be enforced. Moreover, because the Loan was executed by an Illinois-based borrower located in Illinois for the benefit of property located in Illinois and also specifies Illinois as the chosen judicial forum, the Court also will apply Illinois law to interpret its terms.

Under Illinois law, a party asserting breach of contract claims must plead and prove "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Henderson-Smith & Assocs.*

*v. Nahamani Family Serv. Ctr.*, 752 N.E.2d 33, 43 (Ill. App. Ct. 2001). PSB is therefore required to plead and prove that: valid contracts existed between PSB and Melroz; PSB fully performed under those contracts; Melroz breached the contracts with PSB; and PSB was damaged as a result of Melroz's breaches. *Id*.

In accordance with Local Rule 56.1, PSB has presented facts sufficient to establish that Citibank entered into two agreements with Melroz, and that Citibank assigned its rights to PSB. PSB has further demonstrated that, despite the fact that Citibank and, later, PSB, complied with the terms of these agreements, Melroz did not, defaulting under each agreement. Finally, as noted above, Melroz has failed to respond to PSB's motion for summary judgment, leaving all of PSB's factual statements undisputed and taken as true. *Smith*, 321 F.3d at 683.

Given the foregoing, PSB's motion is granted in part as to Melroz, and the Court finds as follows:

1. Melroz and Citibank entered into a valid and enforceable Loan dated April 22, 2005. Melroz is in default of that Loan. PSB is the current holder of the Loan, and has performed its obligations under the terms of that Loan. As of January 8, 2013, Melroz is indebted to PSB under the Loan for the outstanding principal amount of $225,817.29, accrued and unpaid interest in the amount of $47,050.22, and late charges and fees in the amount of $1,278.96. Interest calculated at the rate of $85.90 per day between January 8, 2013 and the date of this Order (September 16, 2013) totals $22,763.50. Because it has been damaged by Melroz's default, PSB is granted summary judgment in the amount of $296,909.97 against Melroz.

2. The Mortgage that secured all of Melroz's obligations under the Loan was properly assigned to PSB. PSB has elected via the filing of the instant lawsuit to declare the whole of the principal sum remaining unpaid, together with interest thereon, immediately due

and payable. The Court therefore grants summary judgment to PSB with respect to its claim for foreclosure and sale with respect to the subject property located at 3330 West 177th Street, Unit 1G, Hazel Crest, IL, 60429 against all Defendant Unknown Owners and Non-Record Claimants. PSB also asks the Court to award a judgment of deficiency against Montgomery to the extent that the proceeds from the sale of the property result in a deficiency, but such a claim is stayed pending Montgomery's Chapter 13 bankruptcy proceeding.

3. Upon review of the affidavit of Todd Rowden in support of PSB's unopposed request for reasonable attorneys' fees and costs (Dkt. 48-3) as well as the accompanying documentation, the Court finds that the request is reasonable and comports with applicable standards for an award of attorneys' fees and costs in this Circuit. PSB is awarded attorneys' fees and costs in the amount of $17,604.77 for the work performed by the law firm of Thompson Coburn, LLP, payable by Melroz.

4. Upon review of the affidavit of Dorraine A. Larison in support of PSB's unopposed request for reasonable attorneys' fees and costs (Dkt. 48-4) as well as the accompanying documentation, the Court finds that the request is reasonable and comports with applicable standards for an award of attorneys' fees and costs in this Circuit. PSB is awarded attorneys' fees and costs in the amount of $6,063.75 for the work performed by the law firm of Gray, Plant, Mooty, Mooty & Bennett, P.A., payable by Melroz.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [47] is granted in part and denied in part. The Court finds that Defendant Melroz Dental, LLC has breached its agreement with Plaintiff as outlined in Count I of Plaintiff's Fourth Amended Complaint. Plaintiff is awarded $296,909.97 in damages, payable by Melroz Dental, LLC. Plaintiff's request for attorneys' fees and costs is granted in the amount of $23,668.52, also payable by Melroz Dental, LLC. As requested in Count VII of the Complaint, the Court enters a judgment of foreclosure and sale of the subject property located at 3330 West 177th Street, Unit 1G, Hazel Crest, IL, 60429. The Court appoints the Judicial Sales Corporation to act as selling officer in connection with the judicial sale of the subject property. The remainder of the motion is denied for the reasons stated above.

**SO ORDERED**                    **ENTER: 9/16/13**

_____
**JOHN Z. LEE**
**U.S. District Judge**